J-S27009-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                :        PENNSYLVANIA
                                :
             v.                  :
                                :
                                :
LUTHER L. WARE, JR.          :
                                :
           Appellant         :    No. 1087 WDA 2018

Appeal from the PCRA Order Entered June 19, 2018
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000239-2015,
CP-17-CR-0000734-2014

BEFORE: OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY OLSON, J.:                   FILED MAY 21, 2019

Appellant, Luther L. Ware, Jr., appeals pro se from the June 19, 2018 order dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We quash.

As our resolution of this appeal is based on a procedural defect, we need not set forth the factual and procedural history at length. The PCRA court aptly summarized the rather convoluted background of the case in its Pa.R.A.P. 1925(a) opinion. See PCRA Court Opinion, 9/20/2018, at 1-10. In short, in 2014 and 2015, the Commonwealth, through the Pennsylvania Office of the Attorney General, indicted Appellant on various charges related to drug trafficking. The Commonwealth charged Appellant at two separate docket numbers, CP-17-CR-734-2014 and CP-17-CR-239-2015, and the cases were consolidated for trial. A jury convicted Appellant of all but one of the charges

_____

*   Retired Senior Judge assigned to the Superior Court.

and the trial court sentenced him to 11 to 30 years' incarceration. Appellant filed, or attempted to file, a number of PCRA petitions, both with and without the assistance of counsel. Ultimately, the PCRA court allowed Appellant to proceed pro se to a hearing on his May 11, 2017, amended PCRA petition. On June 21, 2018, after an extended hearing, the PCRA court dismissed Appellant's petition. This appeal followed.[1]

Appellant's brief raises the following issues for our review:

I.     Did the [t]rial [c]ourt err when it failed to: 1. [a]ppoint [c]ounsel to represent Appellant when he could not afford to hire [c]ounsel; 2. [a]ppoint [c]ounsel at the critical stages of the criminal proceedings; 3. [c]onduct an on the record colloquy as required by Pa.Crim.P.R. 121(C) to determine if Appellant desired to waive his right to [c]ounsel at the critical stages of the criminal proceedings; 4. [g]rant [t]rial [c]ounsel's [m]otion for [c]ontinuance? []

II.    Did the Commonwealth violate Appellant's right to [d]ue [p]rocess and a fair trial when it: 1. [w]illfully withheld impeachment evidence; 2. [m]isrepresent[ed] the facts and misle[d] the [c]ourt and [j]urors; 3. [f]ailed to correct false testimony; and 4. [w]illfully withheld [d]iscovery from pro se [Appellant]? []

III.   Did the PCRA [c]ourt err when it denied Appelant a full and fair PCRA review on June 19, 2018, by: 1. [d]ismissing Appellant's [c]onstitutional claims as previously being waived; 2. [d]ismissing Appellant's [c]onstitutional claims without a hearing; 3. [i]gnor[ing] evidence in support of Appellant's [c]onstitutional claims and evidence not available at the time of trial; 4. [b]eing bias[ed] against Appellant for proceeding pro se? []

_____

[1] On July 12, 2018, the PCRA court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on July 26, 2018. The PCRA court issued its 1925(a) opinion on September 20, 2018.

IV.     Was [t]rial [c]ounsel ineffective when he did not: 1. [s]eek suppression of the evidence when the [a]ffidavit of [p]robable [c]ause did not set forth a time frame when the [confidential informant] had observed drugs in Appellant's residence and when the [a]ffidavit of [p]robable [c]ause was based on a deliberate material misstatement of fact; and 2. [w]hen he did not object to evidence that was inadmissible and request a mistrial? []

Appellant's Brief at 3-3A.

Before we consider the merits of Appellant's claims, we must first determine whether this appeal is properly before us.  On July 24, 2018, Appellant filed a single notice of appeal, which listed both docket numbers CP-17-CR-734-2014 and CP-17-CR-239-2015.  As Appellant failed to comply with Pa.R.A.P. 341 and our Supreme Court's directive in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), we may not reach the merits of his claims and we are constrained to quash the appeal.

The Official Note to Rule 341(a) provides that where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed pertaining to each docket number.  In Walker, the Pennsylvania Supreme Court determined that the Official Note "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." Walker, 185 A.3d at 967, 977.  Failure to comply with Rule 341 must result in quashal of the appeal.  Id. at 977.  Our Supreme Court issued the Walker decision on June 1, 2018, and held that it shall apply prospectively to appeals filed after that date.  The instant appeal was filed on July 24, 2018, therefore, Walker controls.

On August 23, 2018, this Court issued an order directing Appellant to show cause as to why this appeal should not be quashed pursuant to Walker. Appellant failed to timely respond to the order and it was discharged and referred to the merits panel on September 11, 2018. On September 24, 2018, Appellant filed a "Motion to Consolidate Appellant's Two Appeals,"[2] which averred that Appellant did not have the opportunity to read the Walker decision until September 13, 2018, because it was not available on the prison law library computers. In addition, Appellant asserted that the instant appeal involves one defendant and the facts and issues raised as to both docket numbers are identical. Appellant's Motion to Consolidate, 9/24/2018, at 1. Appellant also noted that he is not an attorney or familiar with the rules of appellate procedure. Id. at 2.

Walker mandates that, after June 1, 2018, failure to file separate notices in accordance with the Official Note to Rule 341(a) "will result in quashal of the appeal." Walker, 185 A.3d at 977. Our Supreme Court did not carve out any exceptions and we have no authority to do so. Moreover, the plain text of the commentary to Rule 341, found in the version of the appellate rules that was available to Appellant at the time he filed his notice of appeal states, "[w]here, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment,

_____

[2] This motion appears to be an attempt to respond to our show cause order. In it, Appellant requests that this Court consolidate his two appeals. It seems Appellant misunderstood the procedure involved, but we will treat the motion as a request for this Court not to quash his appeal.

separate notices of appeal must be filed." Pa.R.A.P. 341 cmt. (from Pennsylvania Rules of Court, Volume I – State, 2018 which includes amendments issued up to December 15, 2017) (emphasis added). Accordingly, we must quash the appeal.

Appeal quashed. Motion to consolidate denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2019